IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ANDREW KISTER, #264274, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:20-cv-852-ECM-CWB ) |
| JEFFERSON S. DUNN and DIRECTOR OF THE LEGAL DIVISION, ALABAMA DEPT. OF CORRECTIONS, | ) ) ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    Procedural Background**

John Andrew Kister, a *pro se* inmate, filed a complaint under 42 U.S.C. § 1983 alleging that the law library at Bullock Correctional Facility is inadequate because the computers "only have case law from the 11th Circuit and the 5th Circuit." (Doc. 1 at pp. 4-5). For relief, Kister requests that "all of the circuits [be put] on the law library computers." (*Id*. at p. 6).

Named as defendants are former Alabama Department of Corrections ("ADOC") Commissioner Jefferson S. Dunn[1] and "Director of the Legal Division, Alabama Dept. of Corrections." (*Id*. at pp. 1, 4; Doc. 16 at p. 1). The record demonstrates that the "Director of the Legal Division" is a fictitious position that does not exist within the ADOC. (Doc. 16 at p. 1).

---

[1] Since the filing of this action, Jefferson Dunn has been replaced by John Hamm as Commissioner of the Alabama Department of Corrections. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Hamm is automatically substituted as defendant in his official capacity. Former ADOC Commissioner Jefferson Dunn remains a defendant in his individual capacity. The Clerk of the Court is **DIRECTED** to update the docket sheet and caption accordingly.

However, the record further demonstrates that Carrie McCollum, as General Counsel for the ADOC, is the proper respondent to Kister's claims.[2] (*See id*.).

Defendants Dunn and McCollum jointly filed a Special Report and Answer (Doc. 16) regarding Kister's claims. After reviewing the Special Report and Answer, along with the supporting affidavit (Doc. 16-1), the court directed Kister to file a written response supported by affidavits or other statements made under penalty of perjury. (Doc. 17). Kister thereafter filed a response (Doc. 18), a Brief in Support of Complaint (Doc. 20), and a Declaration (Doc. 21).

The parties were previously given notice that "the court may at any time [after expiration of the time for Kister to file a response] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment, and (2) after considering any response …, rule on the dispositive motion in accordance with the law." (Doc. 17 at p. 3). Pursuant to that disclosure, the undersigned will now treat the Special Report and Answer as having presented arguments for summary judgment and will recommend that summary judgment be granted in favor of the defendants.

## II.     Summary Judgment Standard

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party …. [A fact] is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (citation omitted).

---

[2] The Clerk of the Court is further **DIRECTED** to terminate "Director of the Legal Division, Alabama Dept. of Corrections" as a defendant, add Carrie McCollum as a defendant, and update the docket sheet and caption accordingly.

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for the motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). That responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id*. Alternatively, a movant who does not have a trial burden of production can simply assert that the nonmoving party "cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B); *see also* Fed. R. Civ. P. 56 advisory committee's note ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials. … [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact."). Under either scenario, the burden then shifts to the nonmoving party to establish that a genuine dispute of material fact exists as to each element of the underlying claims. *See Celotex Corp.*, 477 U.S. at 324; Fed. R. Civ. P. 56(c)(1)(A). In determining whether a genuine dispute of material fact exists, the court must view all of the evidence in a light most favorable to the nonmovant and draw all justifiable inferences from the evidence in the nonmovant's favor. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *see also* Fed. R. Civ. P. 56(a).

## III.   Relevant Facts[3]

The factual allegations are set out in the Complaint as follows:

1. I am in the Alabama Dept. of Corrections.
2. There are computers in our law libraries that have case law on them, among other things.
3. The computer program is Lexis Nexis.

---

[3] The "facts" as set forth herein are merely for purposes of resolving summary judgment and may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir.), *opinion modified on reh'g*, 30 F.3d 1347 (11th Cir. 1994) ("[W]hat we state as 'facts' … for purposes of reviewing the rulings on the summary judgment motion [] may not be the actual facts.").

> 4. The computers only have case law from the 11th Circuit and the 5th Circuit.
> 5. This is inadequate. The law library computer should have updated case law from all of the circuits.
> 6. "Out of circuit" case law can be very important[] and can be cited in the 11th Circuit for the soundness of their reasoning, and to point out circuit disagreement which can be taken to the Supreme Court.

(Doc. 1 at p. 5). Because Kister verified the Complaint in accordance with 28 U.S.C. § 1746, such factual allegations may be considered as evidence on summary judgment. *See, e.g., Walker v. Poveda*, 735 F. App'x 690 (11th Cir. 2018) ("[The plaintiff] verified his complaint … in accordance with 28 U.S.C. § 1746 by attesting to the truth of his factual assertions under penalty of perjury, and we have held that pleadings verified under § 1746 are admissible (and may substitute for sworn affidavits) on summary judgment.").

In her sworn affidavit attached to the Special Report and Answer, Defendant McCollum avers that she does not run the day-to-day operations at Bullock Correctional Facility and thus does not have independent knowledge of Kister's claims. (Doc. 16-1 at p. 1). She does acknowledge, however, that the ADOC Legal Division is responsible for approving materials and equipment in the institutional law library and that the ADOC has a contract with Lexis Nexis. (*Id*. at pp. 1-2).

In his declaration in response to the Special Report and Answer, Kister adds the following averments:

> 4. The computers only have case law from the 11th Circuit, 5th Circuit, and the Supreme Court.
> 5. This is hindering my legal work and access to the courts.
> 6. "Out of circuit" cases can be cited in the 11th Circuit, where [Bullock] is located[.]
> 7. They can be used as persuasive authority from other circuits, and for the soundness of their reasoning.
> 8. They also are essential for issues not addressed in the 11th Circuit, 5th Circuit, or Supreme Court.
> 9. Examples of me being hindered:

      a. Cannot read case about prisoners receiving a stimulus check from the I.R.S., as it is in the 9th Circuit.
      b. Cannot read cases from the 6th and 7th Circuit concerning Wexford Health Sources, who became our vendor for healthcare recently.
      c. Cannot read out of circuit cases cited to by Defendants in some of my court cases.
      d. Cannot challenge the ruling in the 11th Circuit about compensatory and punitive damages under the Prison Litigation Reform Act.

(Doc. 21 at pp. 1-2).[4]

**IV.  Discussion**

The court interprets Kister's allegations as attempting to state an access to the courts claim under the First and Fourteenth Amendments.[5] "To bring an access to the courts claim, an inmate 'must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement.'" *Juiffre v. Broward Sheriff's Off.*, 717 F. App'x 886, 888 (11th Cir. 2017) (quoting *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998)). The impairment of any other "litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* "In order to show actual injury, a plaintiff must show 'deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials.'"

---

[4] Although Kister filed several documents in response to the Special Report and Answer, only his filing entitled "Declaration" (Doc. 21) is properly verified in accordance with 28 U.S.C. § 1746. The court therefore will not consider Kister's other responsive filings (Docs. 18 & 20). *See, e.g., Roy v. Ivy*, 53 F.4th 1338, 1347 (11th Cir. 2022) ("Unsworn statements may not be considered by a district court in evaluating a motion for summary judgment.") (citing *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003)); *see also McCaskill v. Ray*, 279 F. App'x 913, 915 (11th Cir. 2008) (holding that district court should not have considered unsworn and unverified allegation in deciding summary judgment).

[5] *See Cranford v. Nevada Dep't of Corr.*, 398 F. App'x 540, 546 (11th Cir. 2010) ("Access to the courts is a constitutional right that is grounded in several constitutional amendments, including the First Amendment and the Fourteenth Amendment.") (citing *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) and *Barbour v. Haley*, 471 F.3d 1222, 1224 n.2 (11th Cir. 2006) (noting that prisoners' claim that they had been denied meaningful access to the courts implicated both the First and Fourteenth Amendments)).

*Hall v. Sec'y for Dep't of Corr.*, 304 F. App'x 848, 850 (11th Cir. 2008) (quoting *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008)).

Kister has not demonstrated any actual injury resulting from having access only to Eleventh Circuit, Fifth Circuit, and Supreme Court case law. He does not allege, nor provide any evidence to support, that he suffered a "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case" resulting from his inability to cite case law from other circuits. *See id*. (quoting *Al-Amin*, 511 F.3d at 1332). Instead, he argues that the mere inability to access various cases from other circuits, which he theorizes may be persuasive in some of his unidentified lawsuits, constitutes a sufficient legal injury. (*See* Doc. 1 at p. 5 & Doc. 21 at pp. 1-2). The Supreme Court has made clear, however, that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library … is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Blue Martini Kendall, LLC v. Miami Dade Cnty. Fla.*, 816 F.3d 1343, 1348 (11th Cir. 2016) ("It is by now axiomatic that in order to establish standing, a plaintiff must show that … it suffered an actual injury that is concrete and particularized, not conjectural or hypothetical[.]"). Kister's vague allegations are simply insufficient to establish that he has suffered an actual legal injury, *i.e.,* there is no evidence that a claim was denied, dismissed, or otherwise impeded because of the defendants' actions. *See Wilson*, 163 F.3d at 1290-91; *Bass v. Singletary*, 143 F.3d 1442, 1445-46 (11th Cir. 1998).

Moreover, a plaintiff asserting an access to the courts claim must prove that "he has a colorable underlying claim for which he seeks relief." *Cunningham v. Knight*, No. 4:20-cv-427, 2020 WL 13840686, *3 (N.D. Fla. Oct. 14, 2020) (citing *Barbour*, 471 F.3d at 1226). "[T]he plaintiff must identify within his complaint, a nonfrivolous, arguable underlying claim." *Id*.

"The allegations about the underlying cause of action must be specific enough to give fair notice to defendants and must 'be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.'" *Id.* (citing *Cunningham v. Dist. Attorney's Off. for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010)).  Here, even if Kister's alleged "hindrances" were viewed as sufficient to establish an actual legal injury, they nonetheless would fail to establish a specific and colorable underlying claim.  Kister merely asserts that he cannot read a Ninth Circuit case regarding prisoners' receipt of stimulus checks, that he cannot read Sixth and Seventh Circuit cases regarding Wexford Health Sources, that he cannot read various cases cited by the defendants in some of his unidentified lawsuits, and that he cannot challenge an Eleventh Circuit holding regarding damages under the Prison Litigation Reform Act.  (Doc. 21 at pp. 1-2).  Such allegations are woefully inadequate to satisfy Kister's burden at the summary judgment stage.  *See Cunningham*, 2020 WL 13840686 at *3.

**V.   Conclusion**

Accordingly, the undersigned Magistrate Judge hereby **RECOMMENDS** as follows:

1. that the defendants' Special Report and Answer (Doc. 16), which is construed as a motion for summary judgment, be granted;

2. that summary judgment be entered in favor of the defendants; and

3. that this case be dismissed with prejudice in its entirety.

It is **ORDERED** that any objections to this Recommendation must be filed by **December 11, 2023**.  An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s).  Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 27th day of November 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**